NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2010[*]
Decided February 8, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 10-1365

| | |
|---|---|
| ERALBA DUCKOLLARI and ARMAND DUCKOLLARI, *Petitioners*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | Nos.   A077 659 409 |
| | A077 659 410 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Armand Duckollari and his wife petition for review of an order by the Board of Immigration Appeals ("Board") upholding the denial of their application for asylum. We deny this petition for review.

From 1996 to 1999, Mr. Duckollari worked as a bodyguard and assistant to Vehvi

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Alimucaj, the leader of Vefa Holding, a company that ran a pyramid scheme. Both men were members of the Democratic Party, which controlled the Albanian government at the time. In the late 1990s, Vefa's pyramid scheme imploded, contributing to the collapse of the Democratic Party government in 1997. The Socialist Party came into power, but since 2005, the Democratic Party has controlled the Albanian government.[1]

Mr. Duckollari made the following claims: In 1998, he, along with Alimucaj, was arrested. Mr. Duckollari was beaten and then released after five hours. In April 1999, he left his job at Vefa to work for the Albanian government as a driver. He received threats because of his involvement with Vefa, and in November 1999, two unknown men shot him in the leg. In 2000, Mr. Duckollari was arrested because he attended a Democratic Party meeting. The police beat him until he lost consciousness, and he woke up in a hospital where he stayed for four days. Subsequently, he was fired from his government job because of his membership in the Democratic Party.

The Immigration Judge ("IJ") denied Mr. Duckollari's asylum application, and the Board affirmed the IJ's decision. The Board found that the Albanian police targeted Mr. Duckollari not because he was in a particular social group, but because of his potential involvement in criminal operations. The Board also concluded that "the presumption of a well-founded fear resulting from any past persecution has been overcome by changed country conditions and [Mr. Duckollari] has failed to show an independent basis for relief." A.R. at 3.

We uphold the Board's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacharias*, 502 U.S. 478, 481 (1992) (citation and quotation marks omitted). Additionally, we review only the opinion of the Board when, as here, its decision is "free-standing," meaning that the Board has issued its own opinion instead of adopting or supplementing the IJ's analysis. *Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007); *see also Martinez-Buendia v. Holder*, 616 F.3d 711, 714-15 (7th Cir. 2010).

Substantial evidence supports the Board's conclusion that the changed conditions in Albania rebut any presumption of a well-founded fear of future persecution. The alleged persecution all occurred when the Socialist Party was in power. The 2000 arrest and subsequent firing also were allegedly a result of Mr. Duckollari's membership in the Democratic Party. Today, however, the Democratic Party is back in power.

---

[1] *See generally* Bureau of European and Eurasian Affairs, United States Department of State, *Background Note: Albania*, http://www.state.gov/r/pa/ei/bgn/3235.htm (last updated Jan. 4, 2011).

Mr. Duckollari submits that the current Democratic Party government will arrest him in order to discover the money and identities of Socialist Party members involved in Vefa's operations. Mr. Duckollari's contention is a fear of *prosecution*, not persecution. A foreign government's prosecution for activities that would be illegal if committed in the United States is not a ground for asylum. *See Bolante v. Mukasey*, 539 F.3d 790, 794 (7th Cir. 2008); *Guchshenkov v. Ashcroft*, 366 F.3d 554, 559 (7th Cir. 2004). Mr. Duckollari also claims that threats against him and his family continue. Nevertheless, he conceded that his family, who helped found the Democratic Party, remains safe in Albania. Accordingly, we conclude that substantial evidence exists to support the Board's finding that the current circumstances in Albania rebut any presumption of a well-founded fear of future persecution from any assumed past persecution. Substantial evidence also supports the Board's conclusion that Mr. Duckollari has asserted no other independent basis for asylum.

For the foregoing reasons, the petition for review is denied.